UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Tyler Thompson,**<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>**Trump Make America Great Again Committee ("TMAGAC"), Donald J. Trump for President, Inc. ("DJTP"), Save America, and the Republican National Committee ("RNC"),**<br><br>　　　　　　　　Defendants. | Case No. 4:21-cv-768<br><br>Complaint and Demand for Jury Trial |

## COMPLAINT

**Tyler Thompson** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Trump Make America Great Again Committee ("TMAGAC"), Donald J. Trump for President, Inc. ("DJTP"), Save America, and the Republican National Committee ("RNC").** (Defendants):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendants conduct business in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pasadena, Texas.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant TMAGAC is a joint fundraising committee composed of participating committees Donald J. Trump for President, Inc. ("DJTP"), Save America, and the Republican National Committee ("RNC"), and has principal place of business, head office, or otherwise valid mailing address at 1776 Wilson Boulevard, Suite 530, Arlington, Virginia 22209.

8. Defendant DJTP has principal place of business, head office, or otherwise valid mailing address at 725 Fifth Avenue, New York, NY, 10022.

9. Defendant Save America has principal place of business, head office, or otherwise valid mailing address at 1150 Welsh Rd, Lansdale, PA 19446

10. Defendant RNC has principal place of business, head office, or otherwise valid mailing address at 310 First St SE, Washington, DC 20003

11. Defendants are each a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendants acted in concert and through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

13. Defendants devised and implemented a campaign marketing strategy which included the transmission of text messages through use of an automatic telephone dialing system.

14. Plaintiff received multiple text messages from Defendants to his cellular telephone XXX-XXX-9798.

15. Defendants did not obtain express consent from Plaintiff prior to sending the Plaintiff the unsolicited text messages.

16. Plaintiff never provided his cellular telephone number to Defendants, has no affiliation with Defendant, has never provided any donations to Defendant, and has not attended any rallies organized by Defendant.

17. Plaintiff has been on the Do Not Call Registry since December 3, 2019

18. These unsolicited text messages placed to Plaintiff's cellular telephone were placed using an automated telephone dialing system (ATDS).

19. The text messages were not sent to Plaintiff for "emergency purposes."

20. The actions described herein were in violation of the TCPA.

## COUNT I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. The TCPA prohibits placing calls or text messages using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendants initiated multiple text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. Defendants' texts were not made for "emergency purposes."

25. Defendants' texts to Plaintiff's cellular telephones without any prior express consent.

23. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry.

24. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(C)

27. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

29. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry.

30. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **TYLER THOMPSON,** respectfully prays for judgment as follows:

   a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

   b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

   e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

   g. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Tyler Thompson,** demands a jury trial in this case.

Respectfully submitted,

Dated: 03/09/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com